## Commonwealth *v.* Crew Levick Company. Appellant.

*Taxation—Mercantile license tax—Act of May 2, 1899, P. L. 184 —Validity—Regulation of foreign commerce—United States Constitution, Article I, Sections 8 and 10.*

The Act of May 2, 1899, P. L. 184, providing that "every wholesale vendor of, or wholesale dealer in, goods, wares and merchandise shall pay an annual mercantile license tax of three dollars and ......½ mill additional on every dollar of the whole volume gross of the business transacted annually," is not invalid as levying a tax on or regulating foreign commerce, since the tax is not assessed upon sales made by a local dealer to purchasers in foreign countries; and an assessment upon the entire volume of business of the local dealer, including the portion represented by shipments to foreign countries, is proper.

Argued Jan. 16, 1917.   Appeal, No. 206, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1914, No. 5454, on case stated in Common-

wealth of Pennsylvania v. Crew Levick Co. Before
BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER,
JJ. Affirmed.

Appeal from assessment of mercantile appraisers. Be-
fore CARR, J.

From the case stated it appeared that the Crew Le-
vick Company is a Pennsylvania corporation, was en-
gaged in the business of buying and selling petroleum
and petroleum products and maintained its principal
office and warehouse in Philadelphia. In the year 1913
the company sold and delivered at wholesale to pur-
chasers residing in Philadelphia products to the value
of $47,103.64 and to customers in foreign countries pro-
ducts to the value of $430,496.36, the foreign orders hav-
ing been obtained by Crew Levick agents in the foreign
countries.

The board of mercantile appraisers of the County of
Philadelphia under the provisions of the Act of May 2,
1899, P. L. 184, assessed the Crew Levick Company as a
wholesale vendor of merchandise to the extent of $477,-
600, being the amount of the whole volume of gross busi-
ness transacted in the year 1913 and made up of the two
mentioned items of $47,103.64 and $430,496.36; and
fixed the mercantile license tax at $242.30.

The defendant protested against the assessment of a
wholesale license tax based upon the whole gross re-
ceipts, contending that any tax which included in the
basis of its assessment the gross receipts from merchan-
dise shipped to foreign countries would be a tax levied
by the United States of America upon commerce with
foreign nations in violation of Article I, Section 8, of the
Constitution of the United States and would also be an
impost or duty on exports levied by the State of Penn-
sylvania without the authority of an act of congress and
in violation of Article I, Section 10, of the Constitution
of the United States.

The board of mercantile appraisers refused to reduce

the assessment and on appeal the Court of Common Pleas of Philadelphia entered judgment on the case stated in favor of the plaintiff in the sum of $242.30, together with costs.    Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*David Wallerstein,* with him *Thomas M. Hyndman,* for appellant.

*Joseph L. Kun,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellee.

PER CURIAM, February 19, 1917:

The judgment in this case is affirmed, on the following from the opinion of the learned court below directing it to be entered: "The license tax in suit has not been assessed upon sales made by a dealer in Pennsylvania to purchasers in foreign countries.    It is not a tax or burden upon foreign commerce and a regulation of foreign commerce, as appears from the cases referred to; and the question is controlled by the decisions in this State of Knisley v. Cotterel, 196 Pa. 614, and of the other Pennsylvania cases referred to since the date of that decision."